proper persons it would be liable to great abuse. If every officer in the United States, during the suspension of the habeas corpus, is authorized to arrest and imprison whom he will, as "aiders and abettors of the enemy," without further orders from the president, or those to whom he has specially committed such authority, the state of things that would follow can be better imagined than expressed.

It only remains to consider what is the effect of section 1 of the act of May 11, 1866. That act, as we have seen, makes the order of "the president or secretary of war," or of "any military officer of the United States holding the command of the department, district, or place within which" an "arrest or imprisonment was made," a defense to the action.

Under this section there can be no doubt but that the order of General McDowell to Captain Douglas protects the latter for acting in obedience to it, and is a complete defense to the action, so far as he is concerned.

At the same time it is equally apparent that it does not furnish a defense for General McDowell. He is not shown to have acted upon the order of any one. The section proceeds upon the principle, which I have already attempted to show ought to be the law independent of the statute, that a military officer, when acting in obedience to the order of his superior, should not be liable to these persons therefor.

As it nowhere appears that General McDowell was acting under the order of his superior, but rather in obedience to what was deemed public necessity, I must hold him liable to the plaintiff for the damages which the latter has sustained by reason of his unauthorized act.

The good motives of General McDowell, and the necessities of the public, when he issued order No. 27, as well as the gross misconduct of the plaintiff, have been duly considered by the court in estimating the damages of the plaintiff. But these alone, however worthy or imperative, do not constitute a defense to the action. The act itself being unauthorized by any order or authority of the president, does not come within the scope of the proclamation of September 15, 1863, suspending the privilege of the writ, or the act of March 3, 1863, authorizing such suspension. Neither does it come within the province of the act of May 11, 1866, as it was not done in obedience to the order of a superior.

Congress may relieve a meritorious officer against a loss incurred while in the discharge of his duty to the public; but in this tribunal, whose only function is to administer the law, the defendant must be held liable for the legal consequences of his act.

Judgment, that the plaintiff recover of the defendant, McDowell, the damages found

by the court, and his costs and disbursements, and in bar of the action as against the defendant, Douglas.

[Afterwards a motion for a new trial was argued before Justice FIELD and Judge HOFFMAN; and was denied.] 1

McCALL (PHILLIPS v.). See Case No. 11,-104.

## Case No. 8,674.

### M'CALL v. TOWERS.

[1 Cranch, C. C. 41.] 2

Circuit Court, District of Columbia. Oct. Term, 1801.

WRITS—NOTICE TO TAKE DEPOSITION—AFFIDAVIT.

The affidavit of service of a notice by leaving it with the defendant's wife, need not state that the wife was informed of the purport of the notice.

The notice to take a deposition was delivered to the defendant's wife, at his dwelling-house. It was objected that the affidavit of service did not state that the wife was informed of the purport of the notice.

THE COURT adjudged the notice to be good. Laws Va. (Rev. Code, 230, c. 141).

McCALL (VEACOCK v.). See Case No. 16,-904.

## Case No. 8,675.

### McCALLON v. WATERMAN.

[1 Flip. 651; 4 N. Y. Wkly. Dig. 382; 4 Cent. Law J. 413.] 3

Circuit Court, E. D. Michigan. March, 1877.

REMOVAL OF CAUSES—DEFAULT ENTERED.

A case cannot be removed to a federal court after default has been entered, and before the same has been set aside.

[Cited in Chester v. Wellford, Case No. 2,662; Deford v. Mehaffy, 13 Fed. 484; Detroit v. Detroit City Ry. Co., 54 Fed. 8.]

On motion to remand. Suit was commenced by plaintiff in the circuit court of Marquette county by attachment. This was on January 31, 1876. The sheriff levied on certain lands, and as the defendant was a non-resident, publication was made under the state statute. Plaintiff's attorney entered the appearance of defendant July 6, 1876, and on the 22d of same month took his default for not pleading to the declaration. The default was, by order, made absolute on the 12th of August, and the usual reference made to assess damages. After the entry of the default (on the 23d day of July), but

---

1 [From 1 Abb. (U. S.) 212.]

2 [Reported by Hon. William Cranch, Chief Judge.]

3 [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 4 N. Y. Wkly. Dig. 382, gives only a partial report.]